# EXHIBIT 1

# CONSULTING AGREEMENT

Consulting Agreement (this "Agreement"), dated as of March 17, 2026, by and between **Robert W. Zimmer & Associates, LLC** (the "Consultant"), and **Lithotype Company, Inc**. **Debtor-in-Possession Case NO: 26-02207** ("Client"). The Consultant and the Client are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

**WHEREAS** Client desires to retain the Consultant, and the Consultant desires to be retained by Client, pursuant to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual agreements made herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

1. **Term**

    The term of this Agreement shall commence as of March 30, 2026 (the "Effective Date") and, subject to the next sentence, continue through earlier of (a) September 30, 2026, or (b) such earlier or later date as to which the Parties may agree in writing (the "Term"). Client may terminate this Agreement at any time on not less than seven (7) day's prior written notice to the Consultant; provided, however, that the Client shall remain liable for and pay to the Consultant at the time of termination, any amounts that have accrued prior to such termination and are then due to be paid or reimbursed hereunder to the Consultant. The Consultant may terminate this Agreement: (i) upon not less than then (7) days' prior written notice in the event it is or would be requested or required to act (or omit to act), in the performance of its Services (as defined below) hereunder, in a manner that it believes in good faith to be outside the scope of the retention, after advising Client of its concern and Client requests that the Consultant continue to perform the Services.

2. **Location**

    Consultant shall be physically present at the business location(s) of the Client at such times and frequency during the Term as Client and Consultant may reasonably determine. The Consultant will in all events expend the amount of time that it deems necessary, in its professional judgment, to perform the Services.

3. **Services**

    Client hereby engages the Consultant as a Financial Advisor ("FA") to perform the duties and responsibilities typically associated with a Financial Advisor's role and to perform the following services ("Services") related to the Client during the Term:

    a. Assess the Client's financial and operational conditions, including but not limited to evaluating existing and future liquidity and projected cash flow(s) requirements;
    b. Assist the Client's management in preparing cash flow, operating and cash collateral budgets, monthly operating reports and other ad hoc reports as requested;
    c. Assist with the monthly closing and preparation of monthly financial statements;
    d. Assist the Client in developing and executing a plan of reorganization to restructure the company's debt and capital structure. This will include advice on restructuring alternatives, the preparation of financial projections for the company's plan of reorganization and recommend strategies to maximize returns to stakeholders and for improving the viability of the company and its ongoing operations;

e. Assist with communications with creditors;
f. Communicate directly with stakeholders and appear before the Court regarding the matters set forth herein; and
g. To provide financial and operational duties typically associated with the scope of a Financial Advisor of the Client as may be approved by Client.

**Limited Authority**

Although the Consultant, as consultant will make certain recommendations to the Board of Directors for consideration, all significant decisions will be made solely by the Board. The Consultant will have no authority to contractually bind the Client nor shall the Consultant execute or approve any financial instruments.

**Matters Relating to Services**

The Consultant's consulting approach will consist of collaborating closely with the Chief Executive Officer, the legal counsel for the Client and members of Management  as the Board or Court may designate, in a collaborative process that is designed to develop complete and accurate factual information. During this process, Client and the Consultant will constantly consult and cooperate with each other in good faith.

During the Term, Client shall: (i) provide the Consultant with access to the Client's premises in order to facilitate the Consultant's performance of the Services, and (ii) furnish to the Consultant promptly such financial statements, business records and other documents and instruments as the Consultant may specify as necessary or desirable for its performance of the Services.

Client acknowledges that in the event it desires to expand the Services to be performed during the Term beyond those described herein, such additional services shall be conditioned upon the Consultant's agreement to perform the same and the Client's payment to the Consultant of hourly fees or such other compensation or remuneration as to which the Parties may agree. The Parties will enter into a further written agreement, in their respective sole discretion, to embody any such additional services and related compensation.

4. **Compensation for Services**

The Client shall pay the Consultant for its performance of the Services, and the Consultant shall be entitled to receive compensation from the Client as set forth below.

Two Hundred Fifty and 00/100 dollars ($250.00) per hour.

The Client will reimburse the Consultant as approved by the Court during the Term, for all Services and reasonable out-of-pocket travel and miscellaneous expenses that the Consultant in the course of performing the Services hereunder incurs including: airfare, hotel, auto rental, per diem local mileage reimbursement of $.75 per mile and  other out-of-pocket expenses (such as overnight mail charges, office supplies, etc.).  In addition, Client shall reimbursement Consultant the sum of $150.00 per day for meals and incidental expenses incurred during any out-of-town travel while performing work related to the Services. Such out-of-town travel shall require prior authorization of the Client.

**Invoices**  On a weekly basis, the Consultant shall render invoices (each, an "Invoice") for Services rendered and reimbursable disbursements and expenses relating to the Services, which Invoices shall include an itemized list of the reimbursable disbursements and expenses incurred by the Consultant.

**Payments**  Client shall pay to the Consultant, via ETF transfer (to an account the Consultant shall specify in writing) the amount of all Services and reimbursable disbursements and expenses, set forth in such Invoice and approved by the Court.

**Retainer**  The Client shall pay to the Consultant a retainer in the amount of $25,000 against all sums due and owing to the Consultant under this Agreement. The Consultant, in its sole discretion, may hold such retainer balance as security against amounts to be paid, or apply such retainer balance in payment of amounts due and owing but unpaid. Upon termination and after all invoices have been paid any excess retainer will be promptly returned to the Client.

5.   **Confidentiality**

a.   The Consultant acknowledges that in the course of its performance hereunder it may be furnished with or may otherwise receive or have access to proprietary information or material that relates to past, present or future financial information, client lists, business processes, technical information and data, marketing plans, and/or business strategies relating to the business affairs and operations of the Client (collectively referred to as the "Confidential Information").   The Consultant acknowledges that the Confidential Information to be furnished is in all respects confidential in nature, and that any disclosure or use of the same by the Consultant (including Confidential Information that may have been disclosed prior to the Effective Date, except as provided in this Agreement or necessary for the Consultant to perform the services contemplated under this Agreement), may cause serious harm or damage to the Client.  Therefore, the Consultant agrees that it will not use the Confidential Information furnished for any purpose except as contemplated by this Agreement, and agrees that it will not, either directly or indirectly, disclose this Confidential Information either in whole or in part, to any third party. provided, however, that: (i) Consultant's attorneys, who require such Confidential Information for the purpose of performing services related to this assignment or in connection with the collection of amounts due to the Consultant (but in such case only to the extent reasonably required), and to those advisors and/or representatives of the Consultant as to whom the Client shall have given its prior written consent, which consent shall not be unreasonably withheld (it being understood that those directors, officers, employees, advisors, attorneys, consultants and representatives will be informed by the Consultant of the confidential nature of such Confidential Information and will be directed by the Consultant to treat such Confidential Information confidentially); (ii) the Consultant may make any disclosure required to be made by it under applicable law or order of a court of competent jurisdiction if its counsel determines that it is necessary to do so and the Consultant gives prior written notice thereof to the Client, using its reasonable efforts to hold discussions with the Client prior to disclosure, and cooperates in all reasonable respects with the Client in the Client's effort to quash any subpoena or court order or otherwise prevent, delay and/or limit the disclosure of such Confidential Information; and (iii) any disclosure of the Confidential Information may be made to which the Client consents in writing.  In addition, the limitations on the

disclosure of Confidential Information as provided herein shall not apply to any Confidential Information that: (A) is publicly known other than by breach of this Agreement by the Consultant, (B) is given to the Consultant by someone else who is not obligated to maintain confidentiality other than the Secured Lender, or (C) the Consultant had acquired prior to the Effective Date from a third party not under a duty of confidentiality, as evidenced by documents.

b.  Notwithstanding anything contained in this Section or otherwise in this Agreement to the contrary, the Client authorizes the Consultant to disclose such Confidential Information and/or the Consultant's work product relating to the Client: (i) to the Client's independent auditors and/or outside accountants, (ii) to the Client's lender(s), in accordance with or fulfillment of applicable requirements of any loan agreement(s) between the Client and the Client's lender, (iii) the Creditors Committee(s), (iv) the Court  and (v) as otherwise may be required by law. The Client also authorizes the Consultant to conduct in-person and telephone conversations, and to meet with the parties described in subsections (c) (i) and (c) (ii) above for the purpose of making such disclosures.

c.  This Section 6 shall survive the expiration or termination of this Agreement.

**6.     Limitation of Liability**

In no event shall the Consultant be liable, in damages or otherwise, to the Client for any good faith error of judgment or other act or omission performed or omitted by the Consultant under or otherwise in respect of this Agreement, except for acts or omissions that constitute gross negligence, willful misconduct or a material breach hereof on the part of the Consultant. Furthermore, in no event shall the Consultant be liable, as a direct or indirect result of the performance of its duties under this Agreement, for: (a) special, indirect, consequential or punitive damages or (b) any amount that exceeds the aggregate compensation (exclusive of costs, expenses and other amounts reimbursed to the Consultant under this Agreement) that the Consultant shall have actually received pursuant to this Agreement.

7.   **Independent Contractor Status**

The Consultant shall serve under this Agreement as an independent contractor of the Client, and, as such, shall be solely responsible for obtaining worker's compensation insurance with respect to their employees as statutorily required. As between the Consultant and the Client, the Consultant will be responsible for all taxes arising from the consulting fees paid to the Consultant hereunder.  The Parties acknowledge that the Consultant is not a fiduciary of, nor in a fiduciary relationship with, Client and that nothing contained herein is intended to establish a partnership, joint venture, association, principal/agent or any other similar relationship between the Parties.

8.     **Limitations On Consultant's Role and Authority**

The work to be performed by the Consultant as contemplated by this Agreement shall be in a consulting capacity, and will, subject to the terms of this Agreement, be at the direction of the Board of Directors and Court.  The Consultant will not have any authority to make commitments on behalf of the Client, unless it has obtained prior written authorization from the Client and the Consultant has accepted such authorization in writing.  Absent express authorization from the Client, the Consultant is without authority to implement any recommendations made to the Client and, for all purposes, the Client is solely responsible for all decisions to be made relating to the business, operations, finances, policies and personnel of the Client.

9.     **Governing Law**

This Agreement shall be construed in accordance with, governed by and enforced under the laws of the State of Illinois without regard to principles of conflicts or choice of laws.

10.     **Accurate Information**

The Consultant shall be entitled to rely upon any and all information supplied by Client, the Client and its officers and agents. Client represents, warrants and covenants that all such information and documentation supplied to the Consultant shall be true, correct and complete to the best of its knowledge.  All non-public information concerning the Client that is given to the Consultant will be used solely in the course of the performance of the Consultant's services hereunder and will be treated confidentially in accordance with the confidentiality provisions of this Agreement.


IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year first above written.

CLIENT:                                                    CONSULTANT:

**Lithotype Company, Inc.**                    **Robert W. Zimmer & Associates, LLC**



By:_____        By: *Robert W. Zimmer*

John Gerba, Chairman                           Robert W. Zimmer, Managing Director

# Payment Information

xxxxx
ABA: xxxxxxxxx-213

Account Name:    Robert W. Zimmer & Associates, LLC
FEIN:            xx-xxxx565

Account No:      xxxxx71